**MUTUAL AUTO PARKS, INC., et al.,
Plaintiffs-Appellants,**

v.

**KANSAS CITY, Missouri, a municipality,
et al., Defendants-Respondents.**

**No. KCD 27642.**

Missouri Court of Appeals,
Kansas City District.

June 1, 1976.

James H. Stein, Leonard Rose, Kansas City, for plaintiffs-appellants.

Aaron A. Wilson, City Atty., Ned B. Bahr, Walter J. O'Toole, Jr., Asst. City Attys., Kansas City, for defendants-respondents.

Before DIXON, P. J., PRITCHARD, C. J., and WASSERSTROM, J.

DIXON, Presiding Judge.

This appeal, involving multiple plaintiffs and intervenors, was dismissed after submission. The dismissal was on the grounds that the plaintiffs and intervenors remaining in the case after a settlement as to some of the plaintiffs had failed to perfect their appeal.

A motion for rehearing was filed, asserting that the record had been misconstrued and certain of the plaintiffs and intervenors were still appellants and a viable appeal remained. The record is at best ambiguous, but the motion has been sustained; and the matter will be considered on the merits.

Plaintiffs brought suit against the City of Kansas City, Missouri, seeking declaratory judgment and injunctive relief to limit the City's program of sidewalk repair as it affects properties plaintiffs own or lease. Under the program, repair costs are assessed against abutting owners. After the original filing, other parties intervened and were sometimes referred to as intervenors and sometimes as plaintiffs. In any event, the original plaintiffs and intervenors have similar interests and positions. For simplicity, the remaining appellants will be referred to as plaintiffs.

Pending a decision on the merits, the trial court temporarily restrained the City from proceeding with repairs affecting plaintiffs. When the trial court found against plaintiffs, it dissolved the temporary injunction, then reinstated it pending outcome of this appeal.

In this court, defendant moved to dismiss, alleging plaintiffs' brief violated Rule 84.04 because their statement of facts was incomplete and misleading, and the points relied on were abstract statements of law not related to any action or ruling of the trial court. Plaintiffs filed an amended brief, and the motion to dismiss was "taken with the case." Even after the amended brief, questions are raised in defendant's brief as to the propriety of plaintiffs' brief under the rules.

First, plaintiffs allege "[t]he court erred in failing to find that the notices given of the proposed sidewalk repairs did not meet legal requirements." Defendant contends this point violates Rule 84.04(d) and preserved nothing for review.

■ The point does identify in general fashion the alleged error, but it fails to allege wherein and why the ruling is claimed to be erroneous. It is totally unclear whether the notice provisions are attacked as written or whether the complaint is that the City failed to comply with a presumably correct method of giving notice.

The argument under this point reflects the confusion resulting from the failure to assign the reasons for the error alleged. Plaintiffs mention the fact that the Director of Public Works did not know if notice of the proposed improvements was posted. Then there is a complaint that the notices published were too all-inclusive, failing to provide each abutting owner individual notice of specific proposed improvements.

There follows an attempt to argue that Article VIII, Sec. 224 of the allegedly applicable City Charter provision requires notice to individual landowners specifying the particular improvements contemplated. On its face, Section 244 contains no such requirement. Therefore, the flaw, if any, is in the ordinance as written. But plaintiffs make no attack on the ordinance as written.

■ Even if the argument is considered, plaintiffs lack a meritorious claim. By its terms, Section 244 provides that failure to post notice "shall not affect the validity of the proceedings . . . ." The Sec. 244 notices listed the street segments affected in compliance with the method prescribed by that section, and could not be construed, as plaintiffs contend, "as if the Director of Public Works had given notice that he intended to cause repairs to be made anywhere in the City when they are necessary."

Also, this point assumes the repairs were ordered pursuant to Article VIII, Secs. 243

and 244 of the City Charter. The City claims to have acted pursuant to Article VIII, Sec. 286 of the Charter. Individual notices were sent pursuant to that section. Thus in any case the owners received individual notice of repairs to be made, the only flaw complained of under point one.

■■■ Second, plaintiffs allege error in the trial court's failure to find illegality in the City's delegation of authority to the Director of Public Works to determine what sidewalks need repair. The claim is that the Director's discretion is not sufficiently limited by standards or criteria. Defendant alleges this point also violates Rule 84.04(d). However, the claim is essentially a claim of illegal delegation of legislative power, and it is stated in language sufficient to identify it as such a claim.

Section 286 states simply, "When in the opinion of the director of public works, any sidewalk, curb, gutter or driveway . . is out of repair, said director of public works may cause the same to be reconstructed or put in good substantial repair . . .."

Section 286 should not be read in isolation from other provisions governing the role of the Director. In Sec. 30.99 of the Kansas City Administrative Code, the City set out standards for repair as "Whatsoever is necessary for the preservation of such sidewalk, curbing, guttering . . . and to render it safe and convenient for the public." Thus, the appropriate question is whether these standards are sufficient to guide the Director's discretion in finding a sidewalk "out of repair."

Defendants rely primarily on a line of old Missouri cases in which delegation of legislative authority was limited. However, the law of delegation of power to administrative officials has undergone substantial evolution. "The modern tendency of the courts is toward greater liberality in permitting grants of discretion to administrative officials in order to facilitate the administration of the laws as the complexity of governmental and economic conditions increases." *Milgram Food Stores, Inc. v. Ketchum,* 384 S.W.2d 510 (Mo.1964), cert. den.

382 U.S. 801, 86 S.Ct. 10, 15 L.Ed.2d 55 (1965), quoting from *Pressman v. Barnes,* 209 Md. 544, 121 A.2d 816 (1956). The *Milgram* court pointed out that the practice is similar in Missouri, citing *Ex Parte Williams,* 345 Mo. 1121, 139 S.W.2d 485 (1940), cert. den. in *Williams v. Golden,* 311 U.S. 675, 61 S.Ct. 42, 85 L.Ed. 434 (1940).

*Howe v. City of St. Louis,* 512 S.W.2d 127 (Mo. banc 1974) is analogous to the case at bar and illustrative of the modern trend. Delegation of authority to a Council on Human Relations to permit real estate sales solicitation if the Council found the solicitation was not for purposes of "blockbusting" was upheld because the authorizing ordinance contained sufficient standards. The standards permitted solicitation if the Council found that solicitation "will not result in or cause a representation that any block, neighborhood or area has undergone, or will undergo a change with respect to the religious, racial or national composition of the block, neighborhood, or area which would discourage the purchase or encourage the sale of any property in a particular area because of such real or possible change." These standards cannot be said to be narrower than the standards here considered for the preservation of sidewalks. The standards of Section 286 are related to the aim of making the sidewalks safe and convenient for the public which is at least as clear a standard to guide the director as the standard approved in *Howe,* supra.

Plaintiffs' third contention is an allegation that the trial court erred when it failed to find an unreasonable and arbitrary abuse of discretion in the Director's requirement that sidewalk repairs be made with portland cement concrete using iron mountain traprock aggregate and forbidding use of asphalt.

■■■ Plaintiffs cite to no authorities. They fail to state why the ruling is erroneous. The point violates Rule 84.04(d). Moreover, there was substantial evidence to support the Director's choice of material for repair purposes. There was testimony that the mix required stands up best under

heavy pedestrian use and extensive salt application. The evidence was that asphalt patches are more difficult to apply and do not work well as overlays on concrete. Asphalt does not last as long, is less resistent to deterioration and scoring and it is more difficult to make an even surface with asphalt.

Repair often requires an overlay. Sections 30.4 and 30.100 of the Kansas City Administrative Code require property owners who make their own repairs to comply with City standards. Those standards do not permit asphalt overlays, and Sec. 30.98 of the Administrative Code prohibits asphalt sidewalks or overlays on first class sidewalks.

Plaintiffs' point IV alleges the trial court erred in finding that there was no showing that sidewalk repairs were ordered for "purely aesthetic reasons." The claim violates Rule 84.04(d). There is no attempt to state why the finding is claimed to be erroneous. In any event, there was evidence that no repairs were ordered for aesthetic purposes. The finding of the trial court is within the guidelines of *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976) and should be sustained.

Judgment affirmed.

All concur.